State v. Smith

---

STATE OF NORTH CAROLINA v. JOHN JUNIOR SMITH

No. 7529SC669

(Filed 7 January 1976)

Assault and Battery § 15— instructions as to burden of proof — no error
> In a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury, the trial court's instructions did not place upon the defendant the burden of proving that he acted in self-defense, but squarely placed upon the State the burden of proof of each element of the offense.

APPEAL by defendant from *Friday, Judge*. Judgment entered 21 May 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 19 November 1975.

State v. Smith

Defendant was charged in a bill of indictment with the felony of assault upon Charlie Williams with a deadly weapon with intent to kill, inflicting serious injury. The jury found defendant guilty of an assault upon Charlie Williams with a deadly weapon, inflicting serious injury, a felony under G.S. 14-32(b). He was sentenced to imprisonment for a term of not less than six nor more than ten years.

The State's evidence tends to show that Charlie Williams went to defendant's trailer residence and bought a drink of whiskey from defendant. Shortly thereafter defendant offered to sell Williams another drink. As Williams swallowed the second drink, it tasted bitter; it had been doped. Williams sat for a few minutes and fell out of the chair. When Williams revived, defendant was running his hands through Williams' pocket. Defendant took Williams' money, Williams kicked defendant, and defendant shot Williams through the neck. Defendant told the investigating officer that he shot Williams while Williams was lying on the floor. Defendant did not mention to the officer that Williams had a knife. Defendant had the pistol in his right front pocket when the officer arrived at the scene after the shooting.

Defendant's evidence tends to show that he and Williams were drinking bay rum in defendant's trailer and that Williams demanded that defendant give him a ride to town. An argument ensued, and Williams attacked defendant with a knife. Defendant shot Williams as Williams struck at defendant with the knife.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Hamrick, Bowen & Nanney, by Louis W. Nanney, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant argues that the trial judge instructed the jury that defendant had the burden of proving that he acted in self-defense. Defendant cites *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975). In our view the principles of *Mullaney* have no application to the instructions in the case now before us. It has long been the rule in North Carolina that a defendant, in cases not involving homicide, does not have the burden of satisfying the jury that he acted in self-defense.

The trial judge clearly and unequivocally instructed the jury at least seven times during the charge that the burden of proof was upon the State to satisfy the jury beyond a reasonable doubt of the guilt of defendant. At no point was a burden of proving anything placed upon the defendant.

After explaining defendant's right to act in self-defense, the trial judge instructed:

"Now, if you find that the defendant properly acted in self-defense and are satisfied to (sic) this, Members of the Jury, then he would not be guilty of any offense, he would not be guilty of the first issue or any lesser included offense, Ladies and Gentlemen."

Later in the charge the trial judge instructed:

"If you fail to so find or if you have a reasonable doubt as to one or more of the essential elements of this lesser offense, you should find the defendant not guilty and your verdict on the second issue would be not guilty, or if you believe that he acted in self-defense, as the Court has instructed you thereon, Members of the Jury, then you would find him not guilty of any offense, Ladies and Gentlemen, if you find that he properly acted in self-defense on the occasion in question."

Defendant's argument is that the foregoing instructions placed upon defendant the burden of proving that he acted in self-defense. We do not agree. The burden of proof of each element of the offense having been squarely placed upon the State, we do not envision that the foregoing instructions could have conveyed to the jury an impression that defendant was required to prove anything.

Defendant's remaining assignment of error relates to the admission of evidence. We have carefully reviewed this in the light of all the evidence and conclude that no prejudicial error has been shown.

No error.

Judges BRITT and MORRIS concur.